**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANDRE G. LEWIS, Sr.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **Case No. 20-cv-00514-JPG** |
| | ) |
| **LT. WHITING,** | ) |
| **SGT. ROBERTS,** | ) |
| **CPT. SCOTT,** | ) |
| **JEFF BULLARD, Sr.,** | ) |
| **SGT. BERDAY,** | ) |
| **C/O WINCHESTER,** | ) |
| **and OFFICER RENELA,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On June 2, 2020, Plaintiff Andre Lewis filed this *pro se* civil rights action pursuant to

42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with several

disciplinary hearings at Jefferson County Jail.  Lewis initiated the action by filing two different

versions of his Complaint (Docs. 1 and 4).  At the same time, he failed to pay the $400.00 filing

fee for the action or submit an application for leave to proceed without prepaying the full fee.

On June 2, 2020, the Court entered an Order requiring Plaintiff to prepay the full $400.00

filing fee or to file a Motion for Leave to Proceed *in forma pauperis* within thirty days, if he wished

to proceed with this action.  The deadline for doing so was July 1, 2020.  Plaintiff failed to take

any action in response to this Order.

In addition, on June 10, 2020, the Court entered an Order requiring Lewis to select which

version of the Complaint he intended to use or, alternatively, to file a new Amended Complaint

that replaces both prior versions:

1

> Before the Court can screen this case, . . . Plaintiff must identify which version of the complaint he intends to use in this case. The Court will not screen both the Complaint and Amended Complaint because it does not accept piecemeal amendments. Plaintiff is ORDERED to notify the Court, in writing, on or before June 24, 2020, which version of the Complaint he intends to use in this action. If he wishes to replace the Complaint and proposed Amended Complaint with another version altogether, he may do so by preparing and filing an "Amended Complaint" using the form provided to him by the Clerk's Office. He should list this case number on the first page (Case 20-cv-514-JPG) and notify the Court that he intends the Amended Complaint to replace all prior versions. To assist him in complying with this Order, the Clerk of Court is DIRECTED to provide Plaintiff with a copy of the Complaint and the Proposed Amended Complaint, along with a blank civil rights complaint form used by pro se litigants in this District. Failure to response shall result in striking the original Complaint (Doc. 1) and proposed Amended Complaint and dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

(Doc. 8).  The response deadline was June 24, 2020, and Lewis did not respond to this Order either.

The Court entered a Notice of Impending Dismissal on July 7, 2020.  (Doc. 11).  Lewis was given one final opportunity to notify the Court, in writing, which version of the Complaint he wished to use or to file an Amended Complaint.  The final deadline for doing so was July 21, 2020. Lewis was again warned that failure to respond would result in dismissal of the action.  (*Id*.).  The Notice of Impending Dismissal was returned to the Court undeliverable on July 13, 2020. (Doc. 12).  The deadline for responding to the Notice of Impending Dismissal has now expired, and Lewis has taken no action to comply with this Order.

The Court will not allow this matter to linger indefinitely.  The action shall be dismissed without prejudice for failure to comply with the Court's Orders (Docs. 8 and 11) to file an operative Complaint.  The action shall also be dismissed for failure to comply with the Court's Order to update his address, pay his filing fee, and/or file an IFP motion.  (*See* Doc. 2) (advising Lewis of his obligation to "notify the Court within seven days of [an address] change by filing a Notice of Change of Address" and warning him that "[f]ailure to do so could result in the dismissal of your case").  Lewis remains obligated to pay the $400.00 filing fee for this action.

**Disposition**

      **IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Lewis' failure to comply with the Court's Orders (Docs. 2, 8 and 11) to select an operative complaint, pay the filing fee for this action, and update his address. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions (Doc. 4) are **DENIED** as **MOOT**. This dismissal does <u>not</u> count as a strike within the meaning of 28 U.S.C. § 1915(g).

      Lewis incurred the obligation to pay the $400.00 filing fee for this action at the time he filed it. He is **ADVISED** that he remains obligated to pay this amount.

      If Lewis wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Lewis does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

      The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

      **IT IS SO ORDERED.**

**DATED: July 22, 2020**           s/J. Phil Gilbert
                           **J. PHIL GILBERT**
                           **United States District Judge**