IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE G. LEWIS, Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00514-JPG |
| | ) |
| JEFFERSON COUNTY SHERIFF, | ) |
| LT. WHITING, | ) |
| SGT. ROBERTS, | ) |
| SGT. BERDA, | ) |
| CPT. SCOTT, | ) |
| OFFICER WINCHESTER, | ) |
| OFFICER RENELA, | ) |
| and JEFF BULLARD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Andre Lewis, Jr. (Docs. 26 and 26-1). Plaintiff challenges several disciplinary tickets issued against him at Jefferson County Jail pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 26, pp. 1-7). He seeks money damages and injunctive relief.[1] (*Id*. at 8).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages

---

[1] Plaintiff specifically seeks an order compelling the defendants to comply with the Prison Litigation Reform Act, 42 U.S.C. § 1997e, but he does not explain the reason for this request. Because the Court is in no position to guess, this request shall be dismissed without prejudice.

1

from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  The factual allegations of the *pro se* complaint are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **First Amended Complaint**

The following allegations are set forth in the First Amended Complaint (Docs. 26, 26-1): Plaintiff challenges three disciplinary tickets issued against him at Jefferson County Jail that resulted in his punishment with approximately sixty days total in segregation from April 5, 2020 through June 5, 2020.  (*Id*.).

**A.     First Ticket**

On April 5, 2020, Officer Winchester issued Plaintiff a ticket for a violation of Rule 102 for his willful refusal to obey an order after Plaintiff allegedly asked Officer Winchester to use personal protective equipment.  (Doc. 26, pp. 6, 12, 15-18).  At the disciplinary hearing that took place in early April 2020, Plaintiff was not allowed to call witnesses.  He received no statement of the reasons he was found guilty of the rule violation.  Plaintiff was nevertheless punished with a week in the special housing unit (SHU).  (*Id*.).  Lieutenant Whiting and Officer Renela were somehow "involved."  (*Id*.).

**B.     Second Ticket**

On April 18, 2020, Officer Winchester issued Plaintiff a second disciplinary ticket for a violation of Rule 202 issue for willful disrespect toward staff after Plaintiff refused to give the officer his name.  (Doc. 26, pp. 6, 12-13).  Officer Winchester issued the ticket just fifteen minutes before Plaintiff's SHU placement was scheduled for review.  Lieutenant Whiting refused to review his case and instead gave him an additional thirty days in the SHU for calling another officer a

"bitch"—an accusation that Plaintiff disputes. At this hearing, Plaintiff was not allowed to speak or call witnesses. He was not given a statement of the reasons for the decision. (*Id*.).

**C.     Third Ticket**

On May 7, 2020, Sergeant Roberts wrote Plaintiff up for a violation of Rule 102 for refusing to obey an order. (Doc. 26, pp. 6-7, 9-10). Before the matter was even set for hearing, Captain Scott and Sergeant Roberts found Plaintiff guilty of the rule violation, and Sergeant Roberts forged Plaintiff's name on a document. (*Id*. at 6-7, 14). They also denied Plaintiff's appeal of the April 18th decision. (*Id*.).

On May 8, 2020, Lieutenant Hanes then conducted a formal hearing on the third ticket that was already decided one day earlier. (*Id*.). At the hearing, Plaintiff was not allowed to call witnesses, and he was not given a written statement of the reasons for the disciplinary decision. (*Id*.). The lieutenant punished Plaintiff with an additional thirty days in SHU. (*Id*.).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate four (4) count in this *pro se* action:

| | | |
|---|---|---|
| **Count 1:** | | Fourteenth Amendment claim against Winchester, Renela, and/or Whiting for depriving Plaintiff of a protected liberty interest without due process of law in connection with the first disciplinary ticket issued April 5, 2020. |
| **Count 2:** | | Fourteenth Amendment claim against Winchester and/or Whiting for depriving Plaintiff of a protected liberty interest without due process of law in connection with the second disciplinary ticket issued April 18, 2020. |
| **Count 3:** | | Fourteenth Amendment claim against Roberts, Scott, and/or Hanes for depriving Plaintiff of a protected liberty interest without due process of law in connection with the third disciplinary ticket issued May 7, 2020. |
| **Count 4:** | | FTCA claim against Defendants for the due process violations that occurred in connection with the three disciplinary tickets issued against Plaintiff on April 5, April 18, and May 7, 2020. |

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

### Preliminary Dismissals

The following defendants are named in the case caption or list of defendants in the First Amended Complaint, but they are not mentioned in the statement of claim: Jefferson County Sheriff, Sergeant Berda, and Jeff Bullard. Plaintiff cannot bring a claim against a defendant merely by naming that defendant in the case caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must set forth allegations describing what each defendant did, or failed to do, in violation of his rights. Having failed to do so here, Plaintiff cannot proceed with any claims against these three defendants. Accordingly, Jefferson County Sheriff, Sergeant Berda, and Jeff Bullard shall be dismissed without prejudice from this action.

### Counts 1, 2, & 3

In order to state a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Due process protections are triggered only when a protected interest is at stake. A court analyzing this claim in the context of disciplinary hearings must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*.

Officials have substantial latitude to punish convicted prisoners for their misconduct while serving a sentence of conviction, and this includes punishment with segregation. The Fourteenth Amendment Due Process Clause "guarantees convicted prisoners the right to be free from cruel

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

and unusual punishment that is beyond the normally expected incidents of prison life." *See Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). A prisoner's liberty interest in avoiding segregation is limited. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Whether SHU placement implicates a protected liberty interest depends on whether "confinement impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin*, 515 U.S. at 484). In making this determination, the Court looks to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id*. (citing *Marion*, 559 F.3d at 697 (emphasis in original)).

However, the *Sandin* analysis -- the atypical and significant hardship test -- will not support punishing a pretrial detainee. *Rapier*, 172 F.3d at 1004-05. Pretrial detainees are not similarly situated to prisoners when it comes to discipline that includes segregation. *Id*. at 1003. A person held in pretrial confinement cannot be punished at all for the crime he is suspected of committing. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). This is because a person is considered innocent until there is a judicial determination of guilt. *Id*. at 535. With that said, a person who is "lawfully detained in pretrial confinement . . . is subject to certain restrictions on his liberty." *Rapier*, 172 F.3d at 1003. The government may take reasonable measures to effectuate pretrial detention, and this includes steps necessary to maintain safety and security at the facility. *Id*. As long as these measures are "reasonably related" to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

With that said, a pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less.

5

*See Rapier*, 172 F.3d at 1004–05; *but see Holly v. Woolfolk*, 415 F.3d 678, 680-82 (7th Cir. 2005) (hearing for detainee within 48 hours of placement in segregation did not violate due process; hearing need not take place prior to imposition of punishment). It appears that Plaintiff's claims arose during his pretrial detention at the Jail, triggering application of the standard described in *Rapier* for all three disciplinary tickets. He was thus entitled to due process protections before receiving any punishment for rule violations. Plaintiff alleges that he did not receive due process protections in connection with his punishment because he was not given an opportunity to be heard, allowed to call witnesses, or given a statement of the reasons he was found guilty before receiving punishment of sixty days total in segregation.

Still, Count 1 shall be dismissed without prejudice because Plaintiff does not identify who conducted the disciplinary hearing that resulted in his due process violations. Section 1983 liability hinges on personal involvement in a constitutional violation. *See Hildebrandt v. Ill. Dept. of Nat. Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) ("For a defendant to be liable under § 1983, he or she must have participated directly in a constitutional violation."). Plaintiff states that this initial ticket "involved" Officer Winchester, Lieutenant Whiting, and Officer Renela. However, he does not explain how these individuals were involved. From the exhibits, it is clear that Officer Winchester issued the ticket, but the mere issuance of a disciplinary ticket does not support a due process claim. The due process violations occurred in connection with the hearing (or lack thereof) on each ticket. Because no defendant is identified in connection with the unlawful hearing, Count 1 shall be dismissed without prejudice for failure to state a claim.

Count 2 cannot proceed against Officer Winchester, whose role was limited to issuing the second ticket. However, the Court cannot dismiss this claim against Lieutenant Whiting, who was

identified as a hearing officer involved in one or more due process violations at the hearing on the second ticket.  Accordingly, Count 2 shall receive further review against Lieutenant Whiting.

Finally, Count 3 shall receive further review against Sergeant Roberts, Captain Scott, and Lieutenant Hanes.  All three defendants were allegedly involved in due process violations that included a finding of guilt before a hearing, denial of the opportunity to be heard, and refusal to call witnesses.  This claim shall proceed against all three defendants.

### Count 4

Plaintiff brings his claims under the Federal Tort Claims Act (*see* Doc. 26, p. 1) and 42 U.S.C. § 1983 (*see* Doc. 26-1, p. 1).  He cannot proceed with any claims under the FTCA because it provides jurisdiction for suits against the United States for torts committed by federal officials.  *See* 28 U.S.C. § 1346(b)(1) (authorizing "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment").  Plaintiff did not name the United States as a defendant, and he does not complain of tortious conduct by federal officials.  Accordingly, Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### <u>Disposition</u>

**IT IS ORDERED** that the First Amended Complaint (Docs. 26 and 26-1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 2** will proceed against Defendant **WHITING**, and **COUNT 3** will proceed against Defendants **ROBERTS, SCOTT,** and **HANES**.

**IT IS ORDERED** that **COUNT 1** against Defendants **WINCHESTER, WHITING,** and **RENELA,** and **COUNT 2** against Defendant **WINCHESTER** are dismissed without prejudice for failure to state a claim.  **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim.

**IT IS ORDERED** that Defendants **WINCHESTER, RENELA, JEFFERSON COUNTY SHERIFF, SERGEANT BERDA,** and **JEFF BULLARD** are **DISMISSED** without prejudice because the First Amended Complaint states no claim against them. **The Clerk's Office shall be DIRECTED to TERMINATE these defendants in CM/ECF.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief, in the form of an order compelling compliance with the Prison Litigation Reform Act, is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WHITING, ROBERTS, SCOTT,** and **HANES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Docs. 26 and 26-1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 26 and 26-1) and shall not waive filing a reply pursuant to 42 U.S.C.

§ 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/6/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions,

in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.