IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE G. LEWIS, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00514-JPG |
| ) | |
| LT. WHITING, ) | |
| SGT. ROBERTS, ) | |
| and CPT. SCOTT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for a decision on a Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule (12)(b)(6)") filed by Defendants Lieutenant Whiting, Sergeant Roberts, and Captain Scott. (Doc. 37). For the reasons set forth below, the motion is **GRANTED.**

**Background**

Plaintiff Andre Lewis brings this action pursuant to 42 U.S.C. § 1983 to challenge three disciplinary tickets that resulted in his punishment with segregation at Jefferson County Jail in 2020. In the First Amended Complaint, Plaintiff claims he was deprived of a protected liberty interest without due process of law when he was punished with 57 days of segregation without receiving proper notice or a fair hearing in connection with the three tickets. (Doc. 26). Following screening of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with his Fourteenth Amendment claims against Whiting for the second ticket issued April 18, 2020 (Count 2) and against Roberts and Scott for the third ticket issued May 7, 2020 (Count 3). (*See* Docs. 27-28).

1

When screening the claims under the Fourteenth Amendment, the Court explained that it was required to consider (1) whether there was a protected liberty interest at stake that necessitated due process protections in the first place, and, if so, (2) whether each disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Different standards apply to due process claims brought by pretrial detainees and convicted persons arising from punishment with segregation.

Prison officials have significant latitude to punish prisoners for their misconduct. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). When presented with a prisoner's claim for the deprivation of a protected liberty interest, the Court looks to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id*. (citing *Marion*, 559 F.3d at 697 (emphasis in original)). A prisoner's liberty interest in avoiding segregation is limited. *Id*. Therefore, if the duration of segregation is short, it may not be necessary to engage in further fact-finding about the conditions faced by the inmate before determining that no protected liberty interest is at stake. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Marion*, 559 F.3d at 698 (citing *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days in segregation); *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005) (2 days in segregation); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (2 months in segregation, demotion to C-grade, and recommendation for transfer); *Thomas v. Ramos*, 130 F.3d 754 (7th Cir. 1997) (70 days in segregation)). For longer periods of segregation, additional fact-finding into the conditions is generally required.

This same analysis does not apply to a pretrial detainee. A person held in pretrial confinement cannot be punished at all for the crime he is suspected of committing because a person

is considered innocent until there is a judicial determination of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The government may nevertheless take reasonable measures to effectuate pretrial detention, such as those steps required to maintain safety and security at the facility. *See Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999) (citations omitted). As long as those steps are "reasonably related" to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

In its screening order, the Court noted that Plaintiff appeared to be a pretrial detainee when his claims arose, triggering "application of the standard described in *Rapier* for all three disciplinary tickets." (Doc. 27). He was thus entitled to due process protections before being punished. (*Id*.). Plaintiff alleged that he was denied the opportunity to be heard, to call witnesses, or to receive a statement of the reasons he was found guilty, among other things. (*Id*.). On this basis, the Court allowed Counts 2 and 3 to proceed. (*Id*.).

### Rule 12(b)(6) Motion to Dismiss

In lieu of an Answer, Defendants filed a motion to dismiss both claims based on application of the standard that governs claims brought by convicted prisoners. (Doc. 37). Defendants argue that Plaintiff was not a pretrial detainee when his claims arose at Jefferson County Jail. Public records reveal that he was a convicted prisoner. They provided documentation of Plaintiff's criminal case in Indiana that immediately preceded his detention at Jefferson County Jail. According to those records, Plaintiff entered into a plea agreement that resulted in his conviction and subsequent commitment to the custody of the Indiana Department of Corrections in February 2020, just before he was transferred to Jefferson County Jail and received the three disciplinary tickets at issue. (*Id*.).

Plaintiff's status as a convicted person requires the Court to consider the duration of

segregation and conditions faced there, when determining whether a protected liberty interest was at stake. *Hardaway*, 734 F.3d 740 (citing *Marion*, 559 F.3d at 697). In light of the short duration of his punishment in segregation, which was no more than 57 days under any construction of the First Amended Complaint, and the lack of harsh conditions described there, Defendants ask the Court to find that no protected liberty interest was at stake and no due process protections required in connection with the disciplinary tickets. (Doc. 37).

## Response

For his part, Plaintiff disputes his status as a convicted prisoner during the relevant time period. (Doc. 39). Plaintiff maintains that his plea agreement was violated by his transfer to Jefferson County Jail, so he challenged it. (*Id*.). He also faced other pending charges while at the Jail. (*Id*.). Plaintiff argues that he should be treated as a pretrial detainee during the relevant time period for both of these reasons. (*Id*.). According to Plaintiff, application of the standard described in *Rapier* saves both claims at this stage, so he seeks denial of the pending motion to dismiss. (*Id*.).

## Legal Standard

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to set forth detailed factual allegations in support of his claims, but he must provide "more than labels

and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## Discussion

When deciding a Rule 12(b)(6) motion, the Court may consider "the complaint and . . . *those matters of which the court may take judicial notice*." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987) (emphasis added). The Court may take judicial notice of matters in the public record. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). This includes court documents regarding Plaintiff's criminal conviction(s).

According to public records, Plaintiff entered into a plea agreement in Vanderburgh County, Indiana Circuit Court Case No. 82C01-1906-F6-004122. On February 6, 2020, he pleaded guilty to strangulation and criminal confinement. (Doc. 37-1, p. 16). He was sentenced to 547 days in the Indiana Department of Corrections to commence the same day. (*Id*.). Plaintiff was subsequently transferred to Jefferson County Jail, where the events giving rise to this action occurred. (*Id*.). Based on information in these public records, Plaintiff was a convicted person at all relevant times.

The Court finds Plaintiff's two arguments for pretrial detainee status unavailing. (Doc. 39). The plea agreement and judgment against him remained in effect during the relevant time period, even if he disagreed with the terms of his plea agreement and challenged it in a breach of contract action. Plaintiff also does not assert that his challenge was successful. Moreover, Plaintiff was a convicted person based on the judgment of conviction in his Vanderburgh County Case, even if

he faced other criminal charges during his confinement at the Jail. These additional charges did not alter his status as a convicted prisoner for purposes of Counts 2 and 3.

Plaintiff's status as a convicted person requires the Court to consider the duration of the segregative confinement and the conditions he endured there. For all three tickets combined, Plaintiff was punished with 57 days in segregation; for the two tickets giving rise to Counts 2 and 3, his punishment was less than 57 days. (Doc. 26). The Court finds that the length of segregative confinement was limited. *See Marion*, 559 F.3d at 698 (where duration of segregative confinement is limited, the Court need not undertake analysis of the conditions there). Moreover, Plaintiff does not describe the conditions as atypical or harsh in any way in the First Amended Complaint. The Court thus finds that no protected liberty interest was at stake—triggering no right to due process protections in the first place. Accordingly, the motion to dismiss Counts 2 and 3 shall be **GRANTED**.

## Disposition

**IT IS ORDERED** that the Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 37) is **GRANTED**. Counts 2 and 3 are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

This dismissal does not preclude Plaintiff from re-pleading these, or any other, related claims by filing a Second Amended Complaint herein. He should do so by **March 11, 2022**. Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00514-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The amended complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/11/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
